UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

        Plaintiff,

    v.

CALIFORNIA YOUNG LAWYERS
ASSOCIATION, et al.,

        Defendants.

Case No.  3:26-cv-03536-JSC

**ORDER DISMISSING CASE FOR
LACK OF JURISIDCTION**

Plaintiff Eugene Hart, who is representing himself, filed this complaint accompanied by a motion to proceed in forma pauperis.  (Dkt. Nos. 1, 3.)   The Court previously granted Plaintiff's application to proceed in forma pauperis (Dkt. No. 7) and now reviews the sufficiency of his complaint under 28 U.S.C. § 1915(e)(2)(B).

The Complaint is difficult to discern, but names several defendants including Michelle Obama, the California Young Lawyers Association (CYLA), Robert Lee Hart, Lynette Lewis Hart, Oneita Hart, Deante Brussard, Shane Broussard, among others.  (Dkt. No. 1.)  Plaintiff alleges CYLA made false or incorrect information and "claims to a person which is my mother" that "was a slave and immigration.  Being shot in back of head, set on fire, land seizers, to the assistance in homicide."  (*Id.* at 3.)  He also alleges several family members died by poison or chemicals and he was "told aliens from 'NASA' [are] occupying my home."  (*Id.*)  He claims denial of his legal right to "private space" and "identity theft."  (*Id.* at 5-6.)  As relief, he seeks to "take back my legal right to define my own reality" and to "everyone stop invading my privacy and legal space."  (*Id.* at 7.)

Under Section 1915, the Court is required to review the sufficiency of Plaintiff's complaint and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on

which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios")  "Claims that are essentially fictitious include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention.'" *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (dismissing as frivolous and fictitious claims that the President and government agents stalked the plaintiff, interfered with her job to prevent her from attending confirmation hearings, illegally classified her as a national security risk, and illegally surveilled her through a "Home guard surveillance network"); *see also Bivolarevic v. U.S. C.I.A.*, Case No. 09-4260 SBA, 2010 WL 890147, at *2 (N.D. Cal. Mar. 8, 2010) (dismissing as frivolous and fictitious claims that the CIA subjected the plaintiff to "voice to skull technology" used as a "mind control weapon").

The Court has reviewed the complaint and concludes that it does not demonstrate a basis for federal subject matter jurisdiction. Plaintiff alleges aliens are occupying his home, CYLA "has committed treason" and "murder-for-hire" plots. (Dkt. No. 1 at 3-4.)  The allegations are "sufficiently fantastical to defy reality as we know it[,]" and thus the Court need not take the allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J. dissenting).  Because Plaintiff's "claims are 'wholly insubstantial and frivolous' and thus fail[] to confer federal subject matter jurisdiction," dismissal without leave to amend is appropriate. *Bradshaw v. MI5, Off. of Inspector Gen.*, No. 25-4397, 2026 WL 1258776, at *1 (9th Cir. May 7, 2026) (affirming sua sponte dismissal of pro se complaint without leave to amend); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

The Court concludes leave to amend is additionally futile here based on Plaintiff's conduct

United States District Court
Northern District of California

2

in other litigation in this District.  In the last six months, Plaintiff has filed over 50 actions the majority of which have been dismissed for failure to prosecute after Plaintiff failed to file an amended complaint despite being given the opportunity to do so.  *See Hart v. Lewis*, No. 26-4731-RFL, Dkt. No. 9 (N.D. Cal. Jul. 9, 2026 Order).  As a result of his conduct, Plaintiff has been ordered to show cause why he should not be declared a vexatious litigant. *Id.*

Given Plaintiff's fantastical allegations here and given his litigation conduct generally, leave to amend would be futile. Accordingly, the Court DISMISSES this case for lack of jurisdiction without leave to amend.

**IT IS SO ORDERED.**

Dated: July 10, 2026

JACQUELINE SCOTT CORLEY
United States District Judge